UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:) Defendants' Motion to Transfer Case to the Eastern District of Pennsylvania** (filed 8/11/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 31, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On April 3, 2008, Plaintiff Cindy Szegedy filed a class action complaint against Keystone Food Products, Inc. ("Keystone") and Robert's American Gourmet Food, Inc. ("Robert's") in Case No. CV-08-5369-CAS ("Szegedy I"). On August 1, 2008, this Court dismissed plaintiff's class action complaint for failure to prosecute.

On August 15, 2008, plaintiff Cindy Szegedy filed the instant class action against defendants Keystone and Robert's. On October 23, 2008, defendants filed a motion to dismiss the operative complaint. On January 23, 2009, before the motion to dismiss was heard by the Court, the parties filed a stipulation to stay the case, on the basis that the parties in this action, as well as those in similar actions pending in other state and district courts, had reached a global settlement.

On April 16, 2009, defendants filed an ex parte application to reschedule the hearing on their motion to dismiss, stating that none of the negotiations had resulted in settlement. On April 22, 2009, the Court granted defendants' ex parte application. On May 15, 2009, plaintiff filed an ex parte application to stay the case pending the outcome of a motion in the District of New Jersey to enforce the global settlement that plaintiff alleged had in fact been reached between the parties. Defendant disputed that any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

settlement existed. On May 20, 2009, the Court continued defendants' motion to dismiss to July 27, 2009.

On July 17, 2009, plaintiff filed a first amended complaint (FAC), thus mooting defendant's motion to dismiss. In her FAC, plaintiff alleges that defendant Robert's sold and that defendant Keystone manufactured and packaged snacks known as Pirate's Booty and Veggie Booty, according to formulas created and owned by Robert's and packaged according to labeling and package designs created by Robert's. FAC ¶ 18. Plaintiff alleges that defendants represented that Pirate's Booty and Veggie Booty have only 2.5 grams of fat and 120 calories per serving, which would make the snacks "low fat foods" under United States Food and Drug Administration Guidelines. FAC ¶ 3. Plaintiff alleges that in fact, Pirate's Booty and Veggie Booty had more than 8.5 grams of fat per serving and substantially more calories than represented. FAC ¶ 4. Plaintiff alleges that on numerous occasions prior to January 2002, plaintiff purchased Pirate's Booty, believing and relying on the representations that it was a low-fat, healthy snack, and that other class members purchased Pirate's booty and Veggie Booty believing and relying on the same. FAC ¶ 27-28. Plaintiff's FAC also alleges that, after this action was filed, the parties in this action reached a settlement agreement, but that defendants now falsely assert that no settlement was reached. FAC ¶ 41.

Plaintiff asserts claims for (1) breach of settlement agreement; (2) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201-2 2(4)(v), (vii), (xxi) ("UTPCPL"); (3) unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* ("Section 17200"); (4) untrue and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* ("Section 17500"); (5) unlawful practices in sale of consumer goods in violation of Cal. Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (6) unfair and deceptive acts and practices under various state laws; (7) breach of express warranty (against Robert's only); and (8) unjust enrichment.

On August 11, 2008, defendants filed the instant motion to transfer case to the Eastern District of Pennsylvania. An opposition was filed on August 24, 2009.[1] A reply

---

[1] Plaintiff's opposition was untimely filed one week after the deadline. Nevertheless, the Court considers plaintiff's opposition herein, finding the delay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

was filed on August 24, 2009. Defendants' motion is currently before the Court.

## II.   LEGAL STANDARD

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience

---

substantially harmless, given that many of plaintiff's arguments in opposition had previously been raised in various prior ex parte applications submitted to the Court in connection with the scheduling of the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III.  DISCUSSION

Defendants argue that this case should be transferred to the Eastern District of Pennsylvania, where a similar action is currently pending.

#### A.  Convenience of the Parties and the Witnesses

Defendants argue that the convenience of the parties favors transfer.  Although plaintiff was a resident of California when this action was originally filed, plaintiff is currently a resident of Washington, D.C.  FAC ¶ 12; Compl. ¶ 5.  Defendants argue that Pirate's Booty is manufactured in Pennsylvania, where Keystone's production facilities are located, and that all of Keystone's employees are located in Pennsylvania.  Mot. at 6. Defendants argue that Keystone does not manufacture any products in California, and does not have any employees or documents in California.  Mot. at 6.  Defendants argue that Robert's has its principal place of business in New York, and that, at all relevant times, all of Robert's employees were located in New York.  Mot. at 6.  Defendants argue that Robert's does not have any witnesses or records located in California.  Mot. at 6.

Plaintiff, however, argues that although after this lawsuit was filed, plaintiff relocated from California to Washington, D.C., it is nevertheless more convenient for her to litigate in California.  Opp'n at 9.  Plaintiff states that she regularly travels to California for business and personal reasons, and will be able to coordinate her visits with appearances for this action.  Opp'n at 9; Szegedy Decl. ¶¶ 2-4.  By contrast, plaintiff states that she does not conduct any business in Pennsylvania, that it would be inconvenient for her to travel to Pennsylvania to litigate this action, and that she would incur additional expenses for travel and hotels that she would not have to incur in traveling to California.  Szegedy Decl. ¶¶ 5-7.  Plaintiff further argues that Robert's, although nominally based in New York, has since 2008 been owned and controlled by VMG Partners, a private equity firm based in California, and that this fact weighs against transfer.  Opp'n at 9.

Defendants also argue that the convenience of the witnesses favors transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

Defendants argue that the witnesses in this action will be plaintiff and defendants' officers and employees, who all live either in Pennsylvania or elsewhere on the east coast, and that no witnesses are located in California. Mot. at 8.

Plaintiff, however, argues that defendants have failed to identify any witnesses who would be inconvenienced by having to appear in California. Opp'n at 8. Furthermore, plaintiff argues that personnel of VMG Group likely have relevant information regarding defendants' alleged decision to renege on the global settlement, that VMG Partners likely received documents pertaining to the alleged global settlement, and that plaintiff anticipates calling VMG Partners personnel at trial. Opp'n at 9. Plaintiff states that because VMG Partners is located in California, she will be unable to compel its employees to personally appear for trial in Pennsylvania, and that, even if such witnesses were willing to travel to Pennsylvania, it would be highly burdensome for them to do so.[2] Opp'n at 9.

The Court finds that the convenience of the parties and witnesses weighs slightly in favor of transfer. Defendant Keystone is located in Pennsylvania, while defendant Robert's is located nearby in New York. No party to this action is currently located in California. Although plaintiff states that it would be more convenient for her to travel to California than to travel to Pennsylvania, this alone is insufficient to counterbalance the clear convenience to the other parties of litigating in Pennsylvania.

Furthermore, it is likely that the majority of the witnesses in this case will be defendants' employees, who are located in Pennsylvania or New York. Although plaintiff states generally that she plans to call California-based employees of VMG Partners as witnesses regarding the breach of settlement agreement claim, plaintiff has not specifically identified relevant witnesses, and has instead only made speculative assertions that "[i]t appears that Defendants' decision to renege on the settlement may have been made at the behest of [VMG]." See Sobelsohn Decl. ¶ 3. These general averments are not sufficient to demonstrate inconvenience to non-party witnesses. See,

---

[2] Defendants, however, respond that plaintiff's arguments regarding VMG are speculative, that plaintiff's FAC is bereft of any allegation against or concerning VMG, and that plaintiff has not identified any specific VMG witnesses by name, title, or job function. Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

e.g., Saleh v. Titan Corp, 361 F. Supp. 2d 1152, 1164 (S.D. Cal. 2005) (declining to consider the convenience of potential witnesses proffered by the plaintiffs where the plaintiffs did not identify these individuals or specify how they might provide important testimony).

### B.     Interests of Justice

The Court finds that defendants have demonstrated that the interests of justice weigh in favor of transfer to the Eastern District of Pennsylvania. In particular, the interests of judicial economy weigh strongly in favor of transfer, while none of the other interest of justice factors weigh against transfer.

#### 1.     Plaintiff's Choice of Forum

Although plaintiff's choice of forum is generally given deference, in this case, because plaintiffs do not reside in this forum and because this case is a class action, the usual reasons for deferring to a plaintiffs choice of forum do not apply. See Mot. at 10; see Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); Pfeifer v. Himax Techs., Inc., 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) ("ordinarily, a plaintiff's choice of forum is entitled to deference. . . . This is not the case, however, when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action").

#### 2.     Judicial Economy

Defendants argue that a group of attorneys, led by plaintiff's attorneys Robert Lax ("Lax") and Steven Angstreich ("Angstreich") have filed duplicative class actions against defendants across the country, including three cases filed in New Jersey state court; one in New York state court; one in California state court; one in Florida state court; one in New Jersey federal court; three in Pennsylvania federal court; and one in Pennsylvania state court, which was subsequently removed to Pennsylvania federal court. Mot. at 3. Defendants state that in 2002, defendants entered into a global settlement. However, the settlement was vacated when it was determined that a national class could not be certified. Mot. at 4, citing Klein v. Roberts Am. Gourmet Foods., Inc., 808 N.Y.S. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

766, 773-74 (2006) (determining that the record was inadequate for the court to determine whether the lower court had considered necessary factors in certifying a nationwide class, and remanding); Berkman v. Robert's Am. Gourmet Foods, Inc., 2007 N.Y. Misc. LEXIS 4565 *6 (June 26, 2007) (on remand from Klein, finding that (1) to the extent that the claims required reliance, the need for particularized proof of reliance and injury precluded certification because commonality was lacking and (2) to the extent reliance was not required, nationwide class certification on plaintiff's remaining claims under New York GBL § 349 and 350 was nevertheless inappropriate because the application of the statute was strictly limited to transactions in New York state).

The three cases filed in the Eastern District of Pennsylvania – Levy v. Keystone Food Prods., Inc. et al., No. 5:2007-CV-05502 (the "Levy action"); Esses v. Keystone Food Prods., Inc., No 5:2008-CV-01277 (the "Essess action"); and Vallas v. Keystone Food Prods., Inc., No. 5:2008-CV-01554 (the "Vallas action") – were filed in 2007 and 2008. On August 28, 2008, the Honorable Lawrence F. Stengel of the Eastern District of Pennsylvania dismissed these actions with prejudice, finding that there was no injury-in-fact so as to support standing, that the statute of limitations barred the claims, and that the named plaintiffs lacked standing to pursue their claims under the UTPCPL because they were not from Pennsylvania. Mot. at 4, citing Levy, 2008 WL 4115856 *6-8 (August 28, 2008).

Soon after Judge Stengel dismissed the Levy, Esses, and Vallas actions, plaintiff's counsel filed Kirsch v. Keystone Food Prods., Inc., 2008-30335 ("the Kirsch action") in Pennsylvania state court. Plaintiffs did not name Robert's as a defendant in that action. Robert's subsequently intervened in Kirsch, and removed the case to the Eastern District of Pennsylvania pursuant to CAFA. Mot. at 5-6. The Kirsch case is currently pending before Judge Stengel.

Defendants argue that this action should be transferred, because the Kirsch action, which is presently pending in the Eastern District of Pennsylvania, contains identical factual allegations to those alleged in the instant action, and because both complaints assert claims under Pennsylvania law. Mot. at 9. Judge Stengel is currently considering a motion to dismiss filed by defendants in the Kirsch action. Mot. at 9. Defendants argue that judicial economy favors transfer so that this action can be consolidated with the Kirsch action, and the issue of dismissal can be determined by the same judge. Mot. at 9-10, 12, citing Baird v. Cal. Faculty Ass'n, 2000 U.S. Dist. LEXIS 6145, *2-3 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

Apr. 24, 2000) ("related litigation pending in the proposed transferee forum is a factor that weighs heavily in favor of transfer"); Madovax, Inc. v. AOL LLC, 2009 U.S. Dist. LEXIS 40977, *19 (C.D. Cal. 2009) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 (a) was designed to prevent"). Furthermore, defendants argue that Judge Stengel is already familiar with the facts and law surrounding this case, and is more familiar with the parties and issues raised. Mot. at 10. Defendants argue that the case should be transferred so as to not allow plaintiff to undermine the jurisdiction of Judge Stengel. Mot. at 10.

Plaintiff, however, argues that transfer for consolidation purposes is not in the interests of justice. First, plaintiff argues that this action differs from all other actions pending in other courts, including the Kirsch action, because this action asserts claims under the consumer protection laws of every state. Mot. at 6. Plaintiff argues that, therefore, this action permits the possibility that individual state classes or a national class could be certified, because, unlike in Klein, the extra-territorial application of the laws of one state will not be required. Mot. at 6.

Plaintiff further argues that transfer to promote judicial economy is inappropriate at this time. First, plaintiff notes that in the Kirsch action, there is currently a motion for remand pending before Judge Stengel. Opp'n at 6. Plaintiff argues that it makes no sense to transfer this action to Pennsylvania to be consolidated with the Kirsch action, where the Kirsch action may be remanded to state court. Opp'n at 12. Second, plaintiff argues that in a related state court action pending in the District of New Jersey (the "Schatz-Bernstein action"), the court is currently considering the motion filed by plaintiff to enforce the global settlement that plaintiff alleges was reached in 2008. Mot. at 5. Plaintiff states that Magistrate Judge Joel Schneider recently competed a two-day evidentiary hearing on that motion, and has advised the parties that he will rule on or about September 15, 2009. Plaintiff argues that it makes little sense to transfer this case, where this case could be stayed or conditionally dismissed in the next few weeks if the motion to enforce the settlement is granted.[3] Opp'n at 12.

---

[3] Plaintiff also argues that defendants are seeking transfer because Judge Stengel has previously dismissed similar actions on statute of limitations grounds. In Levy, Judge Stengel acknowledged that the so-called "American Pipe doctrine . . . tolls the statute of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

      The Court agrees with defendants that the interests of judicial economy weigh strongly in favor of transfer of this action. Although the Kirsh action presently pending in the Eastern District of Pennsylvania may involve some different legal theories compared to the instant action, it involves similar, if not identical, facts and issues. Judge Stengel has also had extensive experience with these factual allegations and claims in previous cases, such as the Levy action, and is therefore in the best position to consider plaintiff's claims here.  Furthermore, plaintiff's arguments that the Kirsh action may be remanded in the near future are highly speculative, and insufficient to weigh against transfer. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 (a) was designed to prevent."  Madovax, Inc. v. AOL LLC, 2009 U.S. Dist. LEXIS 40977, *19 (C.D. Cal. 2009)

---

limitations applicable to 'erstwhile class members' where class certification is denied for reasons other than substantive finding that the claims fail to qualify for certification under Rule 23" but held that the doctrine did not toll the statute of limitations for plaintiff.  See Levy, 2008 WL 4115856 at *4; American Pipe & Construction Co v. Utah, 414 U.S. 538 (1974).  Specifically, Judge Stengel found that the prior holding that a national class could not be certified in Berkman, 2007 N.Y. Misc. LEXIS 4565 *6 was, at least with regard to the claims requiring particularized proof of reliance, a substantive determination that the class lacked commonality on Rule 23 grounds, and therefore, that American Pipe did not toll the statute of limitations for those claims.  Levy, 2008 WL 4115856 at *5. Plaintiff argues that Ninth Circuit caselaw takes a more expansive view of American Pipe that would permit plaintiffs' claims to go forward. Opp'n at 6, citing Hatfield v. Halifax PLC, 564 F.3d 1177, 1188 (9th Cir. 2009)(finding that state equitable tolling rule permitted filing of subsequent class action, and noting that a California state case had found that the American Pipe tolling doctrine could be applied "[w]here a lack of commonality had been found, if the circumstances so required").  Plaintiff argues that "the fact that Defendants might prefer the application of Third Circuit precedent rather than Ninth Circuit precedent with respect to tolling issues is also not a valid basis to transfer the Szegedy action to Judge Stengel."  Opp'n at 11. However, the existence of more favorable precedent in one forum over another does not factor in the Court's analysis herein of whether transfer is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

### 3. Other Factors

The Court concludes that none of the other relevant factors weigh against transfer. The only other factor addressed in depth by the parties is the ease of access to sources of proof. Specifically, plaintiff argues that the relevant documents are in California, because litigation concerning the mislabeling of defendants' products has been ongoing for seven years, defendants have already produced all of the non-privileged documents regarding the alleged mislabeling, and these documents are therefore in the possession of defendants' California-based attorneys.[4]  Opp'n at 10. Furthermore, plaintiff argues that all of the documents regarding defendants' alleged breach of settlement agreement are also likely in California in the offices of VMG Partners. Mot. at 10. Defendants, however, argue that all of the evidence relevant to the claims in this action is located on the east coast, either in Pennsylvania, where Keystone's production facilities and production and inspection records are located, or in New York, where Robert's corporate records are located. Mot. at 8-9. The Court finds that, even if plaintiff is correct that documents and sources of proof are available in California, these documents are likely also available in Pennsylvania and elsewhere on the east coast. Furthermore, as other courts have noted, ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations. See, e.g., Mohamed v. Mazda Motor Corp., 90 F. Supp.

---

[4] Plaintiff also argues that the fact that the lead attorney for defendants, plaintiff's attorneys, and the General Counsel for Robert's are all located in California weighs in favor of transfer. Opp'n at 10. However, "the location of plaintiff's counsel is immaterial to a determination of the convenience and justice of a particular forum." Panetta v. SAP Am. Inc., 2005 WL 1774327 *5 (N.D. Cal. July 26, 2005), citing Solomon v. Cont Amer., 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered"); In re Horseshoe Ent., 305 F.3d 354, 358 (5th Cir. 2002) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"); see also Windward v. Pfizer, Inc., 2007 U.S. Dist. LEXIS 82885 *11 (N.D. Cal. 2007) ("The location of counsel and the need to retain counsel in the transferee district is of little, if any weight in considering a motion to transfer pursuant to section 1404(a)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5369 CAS (FFMx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Cindy M. Szegedy v. Keystone Food Products, Inc., et al. | | |

2d 757, 778 (E.D. Tex. 2000) ("the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage").

Furthermore, none of the other interest of justice factors weigh against transfer. The fact that plaintiff has alleged claims under both Pennsylvania and California law does not weigh for or against transfer. The judges in each jurisdiction are fully capable of deciding issues arising under both California and Pennsylvania law. The relevant question is how interests of judicial economy are best served. Furthermore, although plaintiff's claims may arise out of her purchase of defendants' products in California, they also arise out of the manufacture and packaging of defendants' products, which occurred in Pennsylvania and/or New York, and which did not occur in California. Moreover, as noted above, plaintiff's argument regarding the possibility of calling California-based VMG employees as witnesses is too speculative to weigh in favor of transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to transfer to the Eastern District of Pennsylvania.

IT IS SO ORDERED

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |